Case 2:21-cv-00087   Document 159   Filed on 03/17/25 in TXSD   Page 1 of 19

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRENDA BRENYAH, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:21-CV-00087 |
| | § | |
| COLUMBIA HOSPITAL CORPORATION OF BAY AREA, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 151). The M&R recommends that the Court:

(1) Overrule in part and sustain in part Plaintiff's evidentiary objections;

(2) Grant Defendant Corpus Christi Medical Center's ("Defendant") motion for summary judgment, (D.E. 104);

(3) Deny as moot Defendant's motion to strike, (D.E. 118).

(D.E. 151, p. 2). Plaintiff has filed written objections to the M&R. (D.E. 154).[1]

After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 154), and **ADOPTS** the findings and conclusions of the M&R. (D.E. 151).

### I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed

---

[1] The Court granted Plaintiff an extension of the deadline to file objections. (D.E. 153). In its order, the Court instructed the parties to comply with the page limits contained in the scheduling order. *Id.* at 2. Plaintiff's objections nominally comply with the page limit, but the Court notes that it appears that Plaintiff manipulated or condensed the typeface to fit within twenty-five pages—in a way that her other briefings do not. *Compare* (D.E. 154), *with* (D.E. 152; D.E. 156). Although the scheduling order does not explicitly prohibit this maneuver, it certainly goes against the spirit of the scheduling order's instruction not to circumvent the page limit with formatting alterations. *See* (D.E. 80, p. 3).

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *See Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## II. Objections

Plaintiff has raised numerous objections to the M&R. *See generally* (D.E. 154). The Court addresses each in turn.[2]

### A. Evidentiary Objections

Plaintiff objects to the M&R's recommendation that her spoliation objection be overruled with respect to the video. (D.E. 154, p. 2, 25). The M&R recommends that Plaintiff's spoliation objection be overruled because Plaintiff has failed to allege that Defendant acted in bad faith. (D.E. 151, p. 13–14). The M&R explains that "[e]ven considering [Plaintiff]'s argument that [Defendant] erred in allowing security footage to be destroyed—rather than intentionally destroying evidence—the argument fails. . . . [Defendant] preserved, and provided to [Plaintiff], a large portion of the . . . video." *Id.* (citations omitted).

---

[2] The Court **OVERRRULES** any objection not explicitly discussed as lacking sufficient particularity. *Pelko*, 2024 WL 1972896, at *1.

In her objections, Plaintiff argues that she demonstrated Defendant's bad faith in the form of evidence (1) showing Defendant consciously allowed the video to be deleted; and (2) contradicting testimony that the video was not saved (i.e., testimony that the video *was* saved). (D.E. 154, p. 2). Neither argument is sufficient to establish bad faith. Bad faith here "generally means destruction for the purpose of hiding adverse evidence." (D.E. 151, p. 12–13) (quoting *Van Winkle v. Rogers*, 82 F.4th 370, 375 (5th Cir. 2023)). With respect to Plaintiff's first argument, the M&R correctly explains that Plaintiff's argument—that Defendant allowed the video to be destroyed—does not establish that Defendant intentionally destroyed the evidence. *Id.* at 13. And the same is true regarding Plaintiff's second argument: even assuming Plaintiff's testimony is correct and the video was saved, such still does not show that the video was "[destroyed] for the purpose of hiding adverse evidence." *Van Winkle*, 82 F.4th at 375 (quoting *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015)). Plaintiff also argues that the M&R failed to consider that Defendant "did not produce contemporaneous documentation of the investigation" into Plaintiff's discrimination allegations. (D.E. 154, p. 25). Again, failure to produce does not demonstrate destruction for the purpose of hiding adverse evidence, and nothing in this objection shows bad faith or conduct on Defendant's part. *See Guzman*, 804 F.3d at 713. Accordingly, the Court **OVERRULES** this objection.

Plaintiff next objects to the M&R's recommendation that her objection to Defendant's Exhibit LL be overruled. (D.E. 154, p. 2). In support of this objection, Plaintiff reasserts the argument raised in her previous briefing and fails to point with specificity to any alleged error in the M&R's analysis. *Id.* Accordingly, the Court **OVERRULES** this objection. *See Edmond*, 8 F.3d at 293 n.7 (no re-urging arguments contained in original briefing).

### B. Omitted Facts and Factual Errors Objections

*i. Discrimination, Retaliation, and Hostile Work Environment Prima Facie Case*

Plaintiff objects that the M&R ignored numerous facts showing temporal proximity between

her protected activity and the alleged retaliatory acts, and supporting that Plaintiff engaged in protected activity. *See* (D.E. 154, p. 3–6). The M&R recommends granting summary judgment on Plaintiff's retaliation claim on the ground that she failed to establish that she suffered a materially adverse employment action, and, alternatively, that she failed to rebut Defendant's legitimate, nonretaliatory reason. (D.E. 151, p. 75–76). Because the M&R does not address temporal proximity or protected activity in its analysis, Plaintiff's objection fails to point out with particularity any errors in the analysis, and the Court **OVERRULES** this objection. *Pelko*, 2024 WL 1972896, at *1.

Plaintiff objects that the M&R omitted facts that show Defendant did not take appropriate remedial action in response to Plaintiff's report of discrimination. (D.E. 154, p. 4, 7–8). The M&R recommends summary judgment on Plaintiff's hostile-work-environment claim on the grounds that she failed to show she suffered harassment so severe or pervasive that it altered the conditions of her employment and affected a term, condition, or privilege of her employment. (D.E. 151, p. 66). Whether or not Defendant took prompt remedial action does not change the fact that Plaintiff fails to show a genuine dispute of material fact as to her claim for hostile work environment. *See Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399–400 (5th Cir. 2021) (*citing Ramsey v. Henderson*, 286 F.3d, 264, 268 (5th Cir. 2002)) (explaining that a plaintiff must prove five elements to establish a claim of hostile work environment). The Court **OVERRULES** this objection.

Plaintiff objects to the M&R's omission of facts regarding Defendant's harassment policies. (D.E. 154, p. 7, 20). She argues that Defendant's failure to follow its own policy negates a *Faragher* defense. *Id.* Plaintiff fails to explain how this relates to the M&R's analysis regarding retaliation and harassment, which does not mention the *Faragher* defense. The Court **OVERRULES** this objection.

Plaintiff objects to the exclusion of evidence that a co-worker ("Dike"), of the same race, also found the working environment abusive. (D.E. 154, p. 20–21). However, she fails to explain how this fact affects the M&R's analysis or alters its conclusion regarding her hostile-work-environment claim.

Indeed, Plaintiff later argued that the facts in Dike's case "are not comparable." (D.E. 156, p. 6); *see also* (D.E. 151, p. 66) (noting that "Dike suffered more severe harassment"). The Court **OVERRULES** this objection.

Plaintiff objects to the omission of facts regarding the treatment of her co-worker Dike, including his reassignment based on race and the use of the N-word by patients. (D.E. 154, p. 21). Plaintiff argues that, because she was likewise subjected to the same racial-reassignment policy, she was subjected to a hostile work environment. *Id.* But Plaintiff cites no evidence to support that she was subject to the racial-reassignment policy. In her summary-judgment briefing, Plaintiff makes the same conclusory assertion that "the discriminatory policy directly impacted [her] work" without citing to any competent summary-judgment evidence in support. (D.E. 107, p. 25). The Court does not have a duty to sift through the record to find such evidence. *Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). And, unsupported assertions do not defeat summary judgment. *Shahrashoob v. Texas A&M Univ.*, 125 F.4th 641, 648 (5th Cir. 2025) (citing *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020)). The Court **OVERRULES** this objection.

Plaintiff objects to the M&R's omission of facts showing that another co-worker (who is Hispanic) unhooked an IV but was not subsequently coached. (D.E. 154, p. 21). Plaintiff argues that this evidence supports disparate treatment and temporal proximity. *Id.* However, Plaintiff fails to explain how the evidence would alter the M&R's conclusion that she failed to show pretext. (D.E. 151, p. 61, 76). The Court **OVERRULES** this objection.

Plaintiff objects that the M&R omitted facts showing that Plaintiff reported problems with the investigation and retaliation, and made complaints about a hostile work environment. (D.E. 154, p. 21). Plaintiff argues that this shows temporal proximity for retaliation. *Id.* Plaintiff fails to explain how this materially alters the M&R's retaliation analysis, which found that she had not

suffered a materially adverse employment action. (D.E. 151, p. 75). The Court **OVERRULES** this objection.

Plaintiff objects to the M&R's failure to consider that she grieved the August 10 write up on the grounds that it shows temporal proximity for retaliation. (D.E. 154, p. 23). Again, Plaintiff fails to explain how this materially alters the M&R's retaliation analysis. (D.E. 151, p. 75). The Court **OVERRULES** this objection.

Plaintiff objects that the M&R did "not consider the 'totality of the employment circumstances' to determine if [Plaintiff] was subjected to a hostile work environment." (D.E. 154, p. 24). Specifically, Plaintiff argues the M&R failed to consider that Plaintiff was subjected to the racially discriminatory policy requiring Dike to stand twelve feet away. *Id.* In Plaintiff's summary-judgment briefing, however, she does not argue that she was also subjected to the policy. *See* (D.E. 107, p. 3–4). And, assuming *arguendo* that the "policy" was indeed a policy, and its application would create a hostile work environment, the summary-judgment evidence cited by Plaintiff does not create a genuine dispute of material fact that *she* was subjected to the policy (i.e., that she, too, was instructed to stay twelve feet away). *See* (D.E. 140-2, p. 2) (stating Dike was asked to stand twelve feet away); (D.E. 140-7, p. 115) (same). Accordingly, the Court **OVERRULES** this objection.

*ii. Defendant's Legitimate, Non-discriminatory and Non-retaliatory Reason*

Plaintiff next objects that the M&R omitted facts that show Defendant's legitimate reason for its actions is pretextual. (D.E. 154, p. 4). The M&R found that Plaintiff failed to establish that Defendant's legitimate, non-discriminatory reason—"bad time management"—is pretextual. (D.E. 151, p. 61). Plaintiff asserts that the M&R omitted evidence contradicting Defendant's account of the heart-monitor incident, and this evidence negates Defendant's "legitimate reason for the action." (D.E. 154, p. 4). As the M&R explained, Defendant's proffered legitimate, nondiscriminatory, and

nonretaliatory reason for its actions is Plaintiff's poor time management skills. (D.E. 151, p. 61, 76). Whether or not Defendant's account of the heart-monitor incident is true does not bear on pretext because it does not relate to Plaintiff's poor time management skills. Plaintiff also asserts that another nurse was actually the one who failed to attach the heart monitor, but she was not subsequently coached. (D.E. 154, p. 4). Although a plaintiff can establish pretext by showing disparate treatment, the M&R correctly concluded that Plaintiff has not met her burden under this theory because she "has not submitted any evidence of an employee with a comparable [shift-extension] record who was treated differently." (D.E. 151, p. 62)[3]. Indeed, her other comparators with shift-extension records both have less than Plaintiff. *See id.* (noting that two other employees who extended their shifts did so much less frequently than Plaintiff). Thus, Plaintiff fails again to present evidence that the other nurse, who caused a heart-monitor incident, is a sufficient comparator. Neither does the Court have a duty to sift through the record to find such evidence. *Stults*, 76 F.3d at 657 (quoting *Forsyth*, 19 F.3d at 1537). Accordingly, the Court **OVERRULES** this objection.

Similarly, Plaintiff objects that the M&R did not consider Plaintiff's evidence "relevant to a dressing change." (D.E. 154, p. 5). She asserts that her evidence contradicts Defendant's and "[n]o one addressed this issue with [Plaintiff]." *Id.* Plaintiff asserts, in conclusory fashion, that this "supports the action was not legitimate." *See id.* Again, Plaintiff does not specify how this relates to Defendant's proffered reason of poor time management. The Court **OVERRULES** this objection. *See Pelko*, 2024 WL 1972896, at *1.

Plaintiff next objects that the M&R omitted facts showing Defendant failed to address Plaintiff's various performance issues. (D.E. 154, p. 6–7, 9, 21–22). Plaintiff asserts, again in conclusory fashion, that these facts demonstrate pretext. *Id.* Plaintiff does not explain how the facts

---

[3] The M&R explains that Plaintiff "extended her shift by at least an hour on 44 of 45 shifts." (D.E. 151, p. 62) (citing D.E. 104-19, p. 2–5). On the other hand, the nurses she offers as comparators only extended their combined shifts by at least one hour on 11 of 68 shifts. *Id.* (citing D.E. 142-24, p. 2–4).

relate to her time management skills or how they demonstrate pretext. *See id.* And, as the M&R demonstrates, although "[a]n employer's lack of contemporaneous documentation of alleged work deficiencies can be sufficient to show that the non-discriminatory reason is pretextual[,]" the record here contains contemporaneous documentation of Plaintiff's work deficiencies. *See* (D.E. 151, p. 58 (citing *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 239 (5th Cir. 2015)); *id.* at 61–62. And, to the extent that a lack of awareness of performance issues could establish pretext (a legal proposition for which Plaintiff offers no supporting authority), the record also contains evidence that Defendant informed Plaintiff of the time management issues. (D.E. 104-18, p. 2). Plaintiff's unsubstantiated assertion that Defendant failed to address performance issues with her cannot, on its own, create a genuine issue of material fact. *See Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024) (citing *Freeman v. TDCJ*, 369 F.3d 854, 860 (5th Cir. 2004) (noting conclusory allegations "cannot on their own create a genuine issue of material fact). The Court **OVERRULES** this objection.

Plaintiff objects on the grounds that "evidence contradicts [Defendant]'s legitimate demotion of [Plaintiff] from a regular nurse to a probationary nurse when he purportedly extended her probation thereby violating the CBA." (D.E. 154, p. 6). Violation of internal policies does not alone suffice to show pretext. *See E.E.O.C. v. Texas Instruments Inc.*, 100 F.3d 1173, 1182–83 (5th Cir. 1996) (holding that disregard of internal hiring policies does not conclusively establish discrimination). The Court **OVERRULES** this objection.

Plaintiff objects that, where supervisors admitted that she was a good nurse and offered her a transfer to a higher acuity unit, such demonstrates pretext. (D.E. 154, p. 7–8). Plaintiff does not explain *why* it shows that Defendant's proffered reason is pretextual. *Id.* It is possible that Defendant thought Plaintiff had poor time management skills, but was still a good nurse and might be able to perform the duties required in a higher acuity unit. And, in any event, the fact that an employer previously stated it was satisfied with an employee does not alone suffice to establish pretext. *See Little v. Republic*

*Refining Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991) (citing *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1507 (5th Cir. 1988)) ("The existence of competing evidence about the objective correctness of a fact underlying a defendant's proffered explanation does not in itself make reasonable an inference that the defendant was not truly motivated by its proffered justification."). The Court **OVERRULES** this objection.

Plaintiff objects that the M&R omitted facts surrounding written discipline she received for allegedly being rude to a patient. (D.E. 154, p. 21–23). She argues that this evidence shows that the "write-up was not legitimate" and negates that Defendant "acted for legitimate purposes." *Id.* at 21, 23. Defendant's proffered legitimate reason for its actions was Plaintiff's poor time management skills. (D.E. 151, p. 53, 61). Yet, Plaintiff fails to explain how the legitimacy of a write-up for rudeness relates to her time-management skills. The Court **OVERRULES** this objection.

Plaintiff objects that the M&R failed to consider evidence showing that Defendant's reasons for their actions shifted, which demonstrates pretext. (D.E. 154, p. 23). Plaintiff points to Jason Sewell's change in position as factual support for this argument. *Id.* On July 6, 2017, Sewell gave Plaintiff a disciplinary citation for "demonstrat[ing] a lack of care, [and] an inability to prioritize or effectively care for a patient." *Id.* (quoting D.E. 107, p. 10). Plaintiff then argues that Sewell changed the reason for this disciplinary action during the course of this litigation to "being rude to that patient and for no other reason." *Id.* (citing D.E. 107, p. 10).

Plaintiff correctly notes that evidence of inconsistent reasons can demonstrate pretext. *See Burell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 415 (5th Cir. 2007) (citing *Gee v. Principi*, 289 F.3d 342, 347–48 (5th Cir. 2002)) (finding that a reasonable jury could conclude "unexplained inconsistency" in reasoning as pretextual). However, Plaintiff has not presented evidence that Defendant's reason for the alleged adverse employment action (i.e., the extension of the probationary period or her purported termination) has shifted. If anything, Plaintiff's evidence

demonstrates that Defendant's reason, poor time-management skills, is otherwise consistent with the disciplinary action that Sewell issued on July 6, 2017. *See* (D.E. 107, p. 9–10) (explaining that citation noted Plaintiff's inability to prioritize or effectively care for patient). And, unlike the defendant in *Burell* who offered one reason to the EEOC, another reason to the District Court, and a third reason to the Fifth Circuit, 482 F.3d at 415, Defendant's reason has remained consistent throughout this litigation. Accordingly, the Court **OVERRULES** this objection.

### iii. Doctors Regional Incident

Plaintiff objects that the M&R failed to consider evidence showing that she was instructed to go to Doctors Regional for physical therapy. (D.E. 154, p. 13). Plaintiff states that "these facts explain [Plaintiff]'s legitimate reason for being at Doctors Regional." *Id.* Plaintiff fails to explain how this affects the M&R's analysis. Accordingly, the Court **OVERRULES** this objection.

Plaintiff objects to the omission of facts showing that "she was seeking medical care specifically for her disabilities and [Defendant] used security and police to remove her from the premises and they denied her treatment for her disabilities." *Id.* at 13–14. Plaintiff fails to cite to any record evidence to support her factual assertion that she was denied treatment. And she fails to explain how these facts alter the M&R's conclusion that the incident at Doctors Regional was not an adverse employment action for purposes of her discrimination and retaliation claims. (D.E. 151, p. 75–76). The Court **OVERRULES** this objection.

Plaintiff objects to the omission of various facts relating to her purported removal from Doctors Regional. (D.E. 154, p. 14–16). In conclusory fashion she states that "[t]hese inaccuracies and inconsistencies in this evidence supports pretext for security and CCPD discriminating, harassing and retaliating against [Plaintiff] . . . ." *Id.* at 16. Plaintiff fails to specify how these relate to the M&R's conclusion that the incident at Doctors Regional did not objectively worsen her working conditions and was therefore not an adverse employment action for purposes of her discrimination and retaliation

claims. (D.E. 151, p. 75). And, regarding the harassment claim, Plaintiff fails to explain how this evidence demonstrates that, contrary to the M&R's conclusion, the incident occurred at Plaintiff's workplace and in her capacity as an employee, or that it affected a term, condition, or privilege of her employment. *Id.* at 66. The Court **OVERRULES** this objection.

Plaintiff objects to the exclusion of evidence that other non-Black people were not escorted off the premises at Doctor's Regional. (D.E. 154, p. 16–17). She argues that this evidence shows disparate treatment. *Id.* at 17. Again, Plaintiff fails to show how this alters the M&R's conclusion that the incident at Doctors Regional was not an adverse employment action for purposes of her discrimination and retaliation claims. (D.E. 151, p. 75). The Court **OVERRULES** this objection.

Plaintiff objects to the exclusion of evidence relating to correspondence following the incident at Doctors Regional. (D.E. 154, p. 17). Plaintiff asserts that "[t]hese facts further support [Plaintiff]'s claim of race, national origin, disability discrimination, harassment and retaliation. It was error not to consider them . . . ." *Id.* at 17–18. Plaintiff fails to explain how the evidence would alter the M&R's analysis and fails to explain how the facts support her claims. Accordingly, the Court **OVERRULES** this objection. *See Pelko*, 2024 WL 1972896, at *1 (holding that objections must point out an error in the M&R's analysis); *Shahrashoob*, 125 F.4th at 648 (quoting *Batiste*, 976 F.3d at 500) (finding that conclusory allegations cannot defeat summary judgment).

### iv. Miscellaneous

Plaintiff objects to the omission of her testimony that a policy adversely affected her working environment. (D.E. 154, p. 6). Plaintiff does not explain how this testimony would have altered the M&R's analysis regarding adverse employment actions. *See id.* And a party cannot defeat summary judgment with conclusory allegations. *Shahrashoob*, 125 F.4th at 648 (quoting *Batiste*, 976 F.3d at 500). The Court **OVERRULES** this objection.

Plaintiff also objects that the evidence showing she was offered a transfer demonstrates a

materially adverse employment action for purposes of her retaliation claim. (D.E. 154, p. 8). This does not affect the M&R's resolution of Plaintiff's retaliation claim on the grounds that she has failed to rebut Defendant's legitimate, non-retaliatory reason. (D.E. 151, p. 75–76). The Court **OVERRULES** this objection.

Plaintiff objects that the M&R omitted facts that show Defendant did not take appropriate remedial action in response to Plaintiff's report of discrimination. (D.E. 154, p. 4, 7–8). The M&R recommends summary judgment on Plaintiff's hostile-work-environment claim on the grounds that she failed to show that she suffered from harassment so severe or pervasive that it altered the conditions of her employment and affected a term, condition, or privilege of her employment. (D.E. 151, p. 66). Whether or not Defendant took prompt remedial action does not change the fact that Plaintiff fails to make out a claim for hostile work environment. *See Johnson*, 7 F.4th at 399–400 (explaining that a plaintiff must prove three elements to establish a claim of hostile work environment). The Court **OVERRULES** this objection.

Plaintiff objects that the M&R erred in its calculation of how many times Plaintiff extended her shift. (D.E. 154, p. 10). Plaintiff fails to explain how this method of calculation resulted in an error in the M&R's analysis. *See id.* Accordingly, the Court **OVERRULES** this objection. *Pelko*, 2024 WL 1972896, at *1.

Plaintiff objects to the omission of facts relating to D.G., a witness who Plaintiff alleges saw the incident at Doctors Regional. (D.E. 154, p. 17). Plaintiff asserts that Defendant's failure to identify D.G. "creates a fact issue whether [Defendant] had the information and allowed it to be deleted as hospitals are required to maintain patient records for 10 years." *Id.* Plaintiff fails to explain how this would alter the M&R's analysis regarding spoliation. The Court **OVERRULES** this objection.

Plaintiff objects to the M&R's omission of evidence that Defendant recognized its employee's statement ("the union knows Brenda is nuts") was inappropriate. (D.E. 154, p. 23). Plaintiff fails to

explain how this relates to the M&R's analysis. The Court **OVERRULES** this objection. *See Pelko*, 2024 WL 1972896, at *1.

Plaintiff objects on the grounds that the M&R "did not address that Plaintiff was replaced by Sheila Collado, a Filipina." (D.E. 154, p. 11). Plaintiff is correct that the M&R did not address her replacement theory under Title VII discrimination, but that does not change the M&R's recommendation. Even if Plaintiff could make out a prima facie case of discrimination vis-à-vis replacement theory, she still fails to show pretext. (D.E. 151, p. 61, 76). The Court **OVERRULES** this objection.

Plaintiff objects that the M&R did not consider facts showing that Defendant failed to engage in a good-faith interactive process in violation of the ADA. (D.E. 154, p. 12). As support for that assertion, Plaintiff points to evidence that Sewell did not ask Plaintiff about her restrictions. *Id.* Once an employee has requested an accommodation, the ADA requires that "the appropriate reasonable accommodation be determined through a flexible, interactive process that involves both the employer and the qualified individual with a disability." *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 112 (5th Cir. 2005) (quoting 29 C.F.R. § 1630.9, App. (1995)) (cleaned up). Plaintiff's objection and proffered evidence fail to create a genuine dispute of material fact regarding whether Defendant engaged in the interactive process. Although Plaintiff points to Sewell's failure to ask about Plaintiff's restriction, Sewell is only one employee. And Defendant has presented uncontested evidence that Sewell was not responsible for assessing an employee's restrictions and the available accommodations. *See* (D.E. 104-6, 165:10–16). Moreover, as the M&R correctly explained, "Plaintiff has not established that she could complete the essential functions of her jobs given her injuries, with or without an accommodation." (D.E. 151, p. 70). She therefore is not a qualified person for purposes of the ADA. *See Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999) (citing *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996) (per curiam)) (explaining that a qualified

person is "one who is able to meet all of the program's requirements in spite [their] handicap."). The Court **OVERRULES** this objection.

### C. *McDonnell Douglas* Objection

Plaintiff objects to the M&R's reliance on the *McDonnell Douglas* framework. (D.E. 154, p. 10). In the Fifth Circuit, when "a plaintiff relies on circumstantial evidence to prove her Title VII discrimination case, the *McDonnell Douglas* burden-shifting framework applies." *Shahrashoob*, 125 F.4th at 648–49 (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). Because Plaintiff relies on circumstantial rather than direct evidence, the Court **OVERRULES** this objection.

### D. Adverse Employment Action Objections

Plaintiff objects on the grounds that the extension of her probationary period was a demotion constituting an adverse employment action for purposes of both her discrimination and retaliation claims. (D.E. 154, p. 8). The M&R recognized that the probationary period extension could qualify as an adverse action. (D.E. 151, p. 61, 76). Nevertheless, the M&R explained that Plaintiff's claims still fail because she failed to show that Defendant's legitimate, nondiscriminatory reason for the extension—poor time management—is pretextual. *Id.* Accordingly, Plaintiff's objection does not materially alter the M&R's recommendation. The Court **OVERRULES** the objection.

Plaintiff also asserts that the M&R "is in error because evidence supports [that] the extension of [Plaintiff]'s probationary period by [Defendant] was directly connected to her race and national origin, and in retaliation for her reports of discrimination." (D.E. 154, p. 9). Again, the M&R recommended summary judgment with respect to both Plaintiff's discrimination and retaliation claims on the grounds that she failed to show pretext. (D.E. 151, p. 61, 76). As Plaintiff's objection does not materially alter the M&R's recommendation, the Court **OVERRULES** this objection.

Plaintiff objects that the M&R applied the incorrect legal standard to find that she had not suffered a materially adverse employment action for purposes of her retaliation claim. (D.E. 154,

p. 19). As an initial matter, the M&R applied the correct legal standard in analyzing Plaintiff's retaliation claim. *See* (D.E. 151, p. 74–76) (articulating and applying *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). And, even if this were not the correct standard, Plaintiff has not explained how this purported error would alter the M&R's conclusion that, even if she established a materially adverse employment action, she has not shown that Defendant's legitimate, nonretaliatory reason for its actions is pretextual. *Id.* at 76. The Court **OVERRULES** this objection.

Plaintiff objects that the M&R erred by concluding that retaliatory action must worsen working conditions. (D.E. 154, p. 19–20). Plaintiff is correct in arguing that, under *Burlington*, retaliation outside of work is actionable. *Id*; *see Burlington*, 548 U.S. at 63–64. However, Plaintiff's position does not contradict the M&R's analysis and conclusion. Although the retaliatory action may occur outside of work or pertain to activities unrelated to employment, it still must impact the conditions of work. *See Burlington*, 548 U.S. at 69 (distinguishing a supervisor's refusal to invite an employee to lunch as non-actionable, from the exclusion from a weekly training lunch that "contributes significantly to the employee's professional advancement" as actionable); *see also Hudson v. Lincare, Inc.*, 58 F.4th 222, 232 (5th Cir. 2023) (citing *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 709 (5th Cir. 2016)) ("An employment decision is not an adverse action if it does not objectively worsen the employee's working conditions."). Indeed, the M&R correctly applied this nuance when it found that the incident at Doctors Regional did not constitute a materially adverse employment action. (D.E. 151, p. 75). Although the M&R noted that the incident did not occur at Plaintiff's workplace, it did not apply that fact as an *ipso facto* bar to relief for retaliation. *See id.* Instead, it used that fact as support for its conclusion that the incident did not objectively worsen Plaintiff's working conditions as required by binding Fifth Circuit precedent. *See id.*; *see also Lincare*, F.4th at 232. Accordingly, the Court **OVERRULES** this objection.

Plaintiff objects that it was error for the M&R "to find that not returning [her] to work was not

a materially adverse employment action." (D.E. 154, p. 12). However, as explained above, this does not materially alter the M&R's conclusion because even if the failure to return her to work was an adverse employment action, Plaintiff fails to show pretext. (D.E. 151, p. 61, 76). Accordingly, the Court **OVERRULES** this objection.

Plaintiff objects that the M&R was wrong to conclude that the denial of care at Doctors Regional in August 2017 did not constitute an adverse employment action. (D.E. 154, p. 13). The M&R correctly explains that the denial of medical care is not an adverse employment action because the denial did not objectively worsen Plaintiff's working conditions. (D.E. 151, p. 75). Plaintiff argues that the denial of the full use of health insurance, which is a privilege of employment, is an adverse employment action because it affects a privilege of employment. (D.E. 154, p. 13). Even assuming Plaintiff is correct, her argument does not create a genuine dispute of material fact. Plaintiff has presented no evidence that Defendant denied her the full use of her health insurance. She has not produced evidence that Defendant prevented her from providing her health insurance information or otherwise filing a claim. That is because Plaintiff's argument conflates the healthcare workers at Doctor's Regional with the Defendant as her employer without any factual support. Moreover, an employer's provision of health insurance neither guarantees to an employee that all of their medical care will be covered, nor promises they will receive individually satisfactory[4] medical care each visit. The Court **OVERRULES** this objection.

### E. Denial of Light Duty Objection

Plaintiff objects that the M&R did not follow clearly established law when it recommended granting summary judgment because Defendant, in denying Plaintiff light duty, did not show that accommodating Plaintiff with such would be an undue hardship. (D.E. 154, p. 11). As the M&R

---

[4] As the M&R notes, Plaintiff "was seen in the emergency room" and "given a prescription for medication" and materials regarding how to treat her pain. (D.E. 151, p. 62–63). Accordingly, "[Plaintiff] has not established a genuine issue of material fact that she was prevented, as opposed to merely deterred, from obtaining service." *Id.* at 63.

correctly explained, an employer is not required to create a light duty position to accommodate an employee. (D.E. 151, p. 70) (citing *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 809 (5th Cir. 1997)); *see also Burch*, 174 F.3d at 621 (explaining that ADA does not require employer to modify job duties). The Court **OVERRULES** this objection.

### F. Constructive Discharge Objections

Plaintiff objects that "[b]ecause there is sufficient evidence to support a constructive discharge, the Recommendation is in error." (D.E. 154, p. 19). The M&R concluded that Plaintiff failed to establish a genuine issue of material fact as to her constructive discharge because "the evidence shows, at most, that both parties were slow to come to terms on [Plaintiff]'s return, but does not show that [Defendant] refused to return her to work." (D.E. 151, p. 61). And, "[a]s to [Plaintiff]'s argument that her other discrimination allegations constitute constructive discharge, she has shown only mere harassment, which is insufficient to establish constructive discharge." *Id.* (citing *Hockman v. Westward Commc'ns*, 407 F.3d 317, 331–32 (5th Cir. 2004)).

The facts marshalled by Plaintiff in support of this objection do not alter the M&R's analysis. The conditions of her workplace at best amount to harassment, which is insufficient to establish constructive discharge. *See Hockman*, 407 F.3d at 331–32 (citing *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994) (explaining that a plaintiff must show "aggravating factors," not just harassment, to make out a case for constructive discharge), *abrogated on other grounds by Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 402 (5th Cir. 2013). And regarding the failure to return her to work, Plaintiff has not shown a genuine dispute of material fact regarding whether Defendant refused to return her. As the M&R correctly explained, the evidence at best shows that the parties were slow to come to terms on Plaintiff's return. (D.E. 151, p. 61). Indeed, the final communication to Plaintiff was a text telling her that the hospital needed her to return. *Id.* (citing D.E. 104-35, p. 4).[5] The

---

[5] Plaintiff points to *Diflorio v. Kleckner* in support of her case to no avail. No. CIV.A. 11-4405, 2012 WL 748910 (E.D. Pa. Mar. 7, 2012) (Savage, J.); (D.E. 154, p. 18). There, the plaintiff created a genuine dispute

17 / 19

Court **OVERRULES** this objection.

### G. Improper Summary Judgment Objection

Plaintiff objects to the M&R's recommendation that summary judgment be granted on Plaintiff's § 1981 claim for discriminatory and retaliatory treatment based upon her status as a patient, and on her ADAA interference claim. (D.E. 154, p. 25). Plaintiff made these same arguments in her summary-judgment briefing. (D.E. 107, p. 32, 35). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *See Edmond*, 8 F.3d at 293 n.7. Moreover, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (citations omitted). Here, Plaintiff was on notice that her interference and § 1981 claims were subject to dismissal given that (1) she was the party to first raise the issue; (2) in response to her raising the issue, Defendant provided substantive arguments regarding those claims, (D.E. 116, p. 3–7, 9–10); and (3) the M&R engaged with Defendant's substantive arguments regarding those claims, (D.E. 151, p. 54, 68). Indeed, Plaintiff engaged with the substance of Defendant's argument in her reply in support of her objections. (D.E. 156, p. 9–10). Plaintiff argues that the M&R erred in concluding that her § 1981 claim in her capacity as a patient fails because she received treatment. *Id.* at 9. As the M&R correctly explained, a § 1981 claim must allege that the plaintiff was actually prevented, and not merely deterred, from receiving

---

of material fact regarding retaliation by testifying that, after calling his supervisor four times, his supervisor told him that "scheduling was out [of the supervisor's] hands." *Id.* at *10. In other words, the supervisor had given up trying to schedule the plaintiff and constructively discharged him. *Id.* Here, Plaintiff has not rebutted Defendant's evidence that Defendant tried to work with Plaintiff regarding scheduling. *See* (D.E. 154, p. 18–19). Rather, Plaintiff states in conclusory fashion that "[Plaintiff] made numerous attempts to be placed back on the schedule, but [Defendant] never returned her to work." (D.E. 154, p. 18). She is correct that Defendant did not place her back on the schedule. However, Plaintiff fails to present evidence contradicting Defendant's evidence that any delay in scheduling was due to her failure to complete required training courses, (D.E. 104-32, p. 3–4), and the ultimate failure to place her on the schedule was due to her submitting a resignation letter after Defendant communicated that the hospital needed her to return, (D.E. 104-35, p. 4).

service after attempting to do so. (D.E. 151, p. 59) (citing *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358–59 (5th Cir. 2003)). Plaintiff has not created a genuine dispute of material fact regarding whether she was actually prevented from being treated. Indeed, the evidence shows that she was treated. *Supra* note 3. The Court **OVERRULES** this objection.[6]

### V. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff objected, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 154), and **ADOPTS** the finding and conclusions of the M&R, (D.E. 151).

The Court **OVERRULES in part** and **SUSTAINS in part** Plaintiff's evidentiary objections. The Court **GRANTS** Defendant's motion for summary judgment. (D.E. 104). Finally, the Court **DENIES** Defendant's motion to strike as moot. (D.E. 118).

The Court will enter a final judgment separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
March 17, 2025

---

[6] The Fifth Circuit's decision in *Abdallah v. Mesa Air Group, Inc.* is inapposite. 83 F.4th 1006 (5th Cir. 2023). There, the plaintiff was denied service (a flight). *Id.* at 1011. The defendant argued that there was no discrimination because everyone was in some way denied service (the flight was eventually cancelled). *Id.* at 1014. Here, in contrast, Plaintiff was not denied service. *Supra* note 3. Accordingly, evidence that other non-Black patrons of the emergency room received service does not show a genuine dispute of material fact regarding whether Plaintiff experienced discrimination. If anything, it shows that Plaintiff was treated similarly to the other, non-Black patrons.